UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN for the use and benefit of FIDELITY MAGELLAN and FIDELITY CONTRAFUND,<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO. INC.,<br><br>Defendants. | CIVIL NO. 1:04-cv-11756-MLW |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Fidelity Management & Research Company ("FMRCo") and FMR Co., Inc. ("FMRC") (collectively "the Fidelity Defendants"), by and through their undersigned attorneys, hereby answer Plaintiffs' Complaint ("the Complaint") as set forth below. Except as admitted, qualified, or otherwise answered below, the Fidelity Defendants deny the allegations of the Complaint.

## FIRST DEFENSE

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and on that basis deny the allegations, except admit the following: that the Fidelity Magellan Fund and the Fidelity Contrafund (together, the "Funds") were formed by and are advised and managed by FMRCo and FMRC; that the Fidelity Magellan Fund is one of the largest actively managed mutual funds in the country; and that as of

1

May 31, 2004, the Fidelity Magellan Fund had assets under management in excess of $65 billion and the Fidelity Contrafund had assets under management in excess of $38 billion.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis deny the allegations.

3. Deny the allegations contained in Paragraph 3 of the Complaint, except admit that Defendants are registered investment advisers to the Funds and other mutual funds and institutional client portfolios, and deny knowledge or information sufficient to form a belief as to the truth as to whether Plaintiffs are all shareholders of the Funds.

4. Deny the allegations contained in Paragraph 4 of the Complaint.

5. Deny the allegations contained in Paragraph 5 of the Complaint, except admit that the management fees paid by each of the Funds include a fee based on assets under management in that Fund, a variable fee based on the monthly average net assets of all of the registered investment companies with which FMRCo has management contracts, and a performance fee adjustment.

6. Deny the allegations contained in Paragraph 6 of the Complaint.

7. Deny the allegations contained in Paragraph 7 of the Complaint.

8. Deny the allegations contained in Paragraph 8 of the Complaint.

9. Deny the allegations contained in Paragraph 9 of the Complaint, except admit that the Fidelity Magellan Fund is one of the largest actively managed mutual funds in the world.

10. Deny the allegations contained in Paragraph 10 of the Complaint.

11. Deny the allegations contained in Paragraph 11 of the Complaint.

12. Deny the allegations contained in Paragraph 12 of the Complaint.

13. Deny the allegations contained in Paragraph 13 of the Complaint to the extent that they are factual, except neither admit nor deny the allegations to the extent that they constitute conclusions of law, and admit that Congress enacted the Investment Company Act of 1940 in 1940.

14. Admit the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint, except admit that: as of March 31, 1994, the Fidelity Magellan Fund had over $33 billion in assets under management; as of September 30, 2003, the Fidelity Magellan Fund had over $62 billion

in assets under management; and at one point, the Fidelity Magellan Fund's assets under management totaled more than $100 billion.

   23. Deny the allegations contained in Paragraph 23 of the Complaint.

   24. Deny the allegations contained in Paragraph 24 of the Complaint.

   25. Deny the allegations contained in Paragraph 25 of the Complaint.

   26. Deny the allegations contained in Paragraph 26 of the Complaint.

   27. Neither admit nor deny the allegations contained in Paragraph 27 of the Complaint insofar as said allegations constitute conclusions of law, except admit that the Funds are governed by a common board of trustees and that a majority of the Funds' board of trustees is comprised of trustees who are not interested persons of the Funds.

   28. Deny the allegations contained in Paragraph 28 of the Complaint.

   29. Deny the allegations contained in Paragraph 29 of the Complaint.

   30. Deny the allegations contained in Paragraph 30 of the Complaint.

   31. Deny the allegations contained in Paragraph 31 of the Complaint, except admit that for the three fiscal years ended March 31, 2001, March 31, 2002 and March 31, 2003, the total amount of management fees paid by the Magellan Fund to FMRCo was $1.6 billion.

   32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, except deny that Plaintiffs are entitled to the relief described therein.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and on that basis deny the allegations.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and on that basis deny the allegations.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis deny the allegations.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis deny the allegations.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis deny the allegations.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis deny the allegations.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and on that basis deny the allegations.

40. Deny the allegations contained in Paragraph 40 of the Complaint except admit that FMRCo has its principal place of business in Boston, Massachusetts, and that FMRCo is registered as an investment adviser under the Investment Advisers Act of 1940 and is the investment adviser to the Funds and other Fidelity funds.

41. Deny the allegations contained in Paragraph 41 of the Complaint, except admit that FMRC has its principal place of business in Boston, Massachusetts, and that FMRC is registered as an investment adviser under the Investment Advisers Act of 1940 and is an investment sub-adviser to the Funds and other Fidelity funds.

42. Neither admit nor deny the allegations contained in Paragraph 42 insofar as said allegations constitute conclusions of law, except admit that Plaintiffs purport to base jurisdiction on the statute identified in said paragraph.

43. Neither admit nor deny the allegations contained in Paragraph 43 insofar as said allegations constitute conclusions of law, except admit that Plaintiffs purport to base jurisdiction on the statutes identified in said paragraph.

44. Neither admit nor deny the allegations contained in Paragraph 44 insofar as said allegations constitute conclusions of law, except admit that Defendants are inhabitants of and transact business in the District of Massachusetts, that a substantial part of the events or omissions that give rise to Plaintiffs' claims occurred in the District of Massachusetts, and that Defendants may be found in the District of Massachusetts.

45. Deny the allegations contained in Paragraph 45 of the Complaint, except admit that each of the Funds pays a management fee to FMRCo.

46. Deny the allegations contained in Paragraph 46 of the Complaint, except admit that the management fees paid by the Funds to FMRCo are paid as a percentage of assets under management.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of that paragraph.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint, except admit that for the three fiscal years ended March 31, 2001, March 31, 2002, and March 31, 2003, the total amount of management fees paid by the Magellan Fund was $1.8 billion; that the total amount of management fees paid by the Magellan Fund and the Contrafund for the same period was more than $2.5 billion; and that for the year ended March 31, 2003, the management fee, excluding performance adjustments, paid by the Magellan Fund was more than $313 million.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Neither admit nor deny the allegations contained in Paragraph 57 of the Complaint insofar as said allegations constitute conclusions of law and respectfully refer the Court to the case described in Paragraph 57 for the exact content and context thereof.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

59. Deny the allegations contained in Paragraph 59 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 59 insofar as said allegations constitute conclusions of law and respectfully refer the Court to the case described in Paragraph 59 for the exact content and context thereof.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny the allegations contained in Paragraph 61 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint.

63. Deny the allegations contained in Paragraph 63 of the Complaint, except admit that on January 2, 1990, the Dow Jones Industrial Average (the "Dow") opened at 2,753 and that on December 31, 1999, the Dow closed at 11,497.

64. Deny the allegations contained in Paragraph 64 of the Complaint, except admit that on May 3, 2004 (the date of the Complaint), the Dow opened at 10,314 and closed at 10,317.

65. Deny the allegations contained in Paragraph 65 of the Complaint.

66. Deny the allegations contained in Paragraph 66 of the Complaint.

67. Deny the allegations contained in Paragraph 67 of the Complaint, except admit the following: as of December 31, 1993, the Fidelity Contrafund had $6.2 billion in assets under management; as of March 31, 1994, the Fidelity Magellan Fund had $33.1 billion in assets under management; as of December 31, 2003, the Fidelity Contrafund had $35.9 billion in assets under management; and as of March 31, 2004, the Fidelity Magellan Fund had $66.8 billion in assets under management.

68. Deny the allegations contained in Paragraph 68 of the Complaint, except admit that for the ten year period ended May 31, 2004, the Fidelity Magellan Fund underperformed the S&P 500 index, and that the Fidelity Contrafund outperformed the S&P 500 index during the same period.

69. Deny the allegations contained in Paragraph 69 of the Complaint.

70. Deny the allegations contained in Paragraph 70 of the Complaint.

71. Deny the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations contained in Paragraph 72 of the Complaint.

73. Deny the allegations contained in Paragraph 73 of the Complaint.

74. Deny the allegations contained in Paragraph 74 insofar as they purport to be factual, except neither admit nor deny the allegations contained in Paragraph 74 of the Complaint insofar as they constitute conclusions of law.

75. Deny the allegations contained in Paragraph 75 of the Complaint.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

77. Deny the allegations contained in Paragraph 77 of the Complaint.

78. Deny the allegations contained in Paragraph 78 of the Complaint.

79. Deny the allegations contained in Paragraph 79 of the Complaint.

80. Deny the allegations contained in Paragraph 80 of the Complaint, except admit that the Fidelity Management Trust Company is a wholly owned subsidiary of FMR Corp., the corporate parents of FMRCo and FMRC, and shares advisory personnel with FMRCo and FMRC.

81. Deny the allegations contained in Paragraph 81 of the Complaint, except admit that Fidelity Management Trust Company manages a stock portfolio for the Massachusetts Pension Reserves Investment Management Board.

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Deny the allegations contained in Paragraph 83 of the Complaint.

84. Deny the allegations contained in Paragraph 84 of the Complaint except admit that for the three fiscal years ended March 31, 2001, March 31, 2002 and March 31, 2003, the total amount of management fees paid by the Magellan Fund to FMRCo was $1.6 billion.

85. Deny the allegations contained in Paragraph 85 of the Complaint.

86. Deny the allegations contained in Paragraph 86 of the Complaint.

87. Deny the allegations contained in Paragraph 87 of the Complaint insofar as they purport to be factual, except neither admit nor deny the allegations contained in Paragraph 87 to the extent that said allegations constitute conclusions of law.

88. Deny the allegations contained in Paragraph 88 of the Complaint insofar as they purport to be factual, except neither admit nor deny the allegations contained in Paragraph 88 to the extent that said allegations constitute conclusions of law, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 study published by the Zero Alpha Group.

89. Deny the allegations contained in Paragraph 89 of the Complaint insofar as they purport to be factual, except neither admit nor deny the allegations contained in Paragraph 89 to the extent that said allegations constitute conclusions of law,.

90. Deny the allegations contained in Paragraph 90 of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and on that basis deny the allegations.

92. Deny the allegations contained in Paragraph 92 of the Complaint.

93. Deny the allegations contained in Paragraph 93 of the Complaint.

94. Deny the allegations contained in Paragraph 94 of the Complaint.

95. Deny the allegations contained in Paragraph 95 of the Complaint.

96. Deny the allegations contained in Paragraph 96 of the Complaint.

97. Deny the allegations contained in Paragraph 97 of the Complaint.

98. Deny the allegations contained in Paragraph 98 of the Complaint.

99. Deny the allegations contained in Paragraph 99 of the Complaint.

100. Deny the allegations contained in Paragraph 100 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 100 to the extent that said allegations constitute conclusions of law.

101. Deny the allegations contained in Paragraph 101 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 101 to the extent that said allegations constitute conclusions of law

102. Deny the allegations contained in Paragraph 102 of the Complaint, except admit that FMRCo and FMRC are privately held.

103. Deny the allegations contained in Paragraph 103 of the Complaint.

104. Deny the allegations contained in Paragraph 104 of the Complaint.

105. Deny the allegations contained in Paragraph 105 of the Complaint.

106. Neither admit nor deny the allegations contained in Paragraph 106 of the Complaint insofar as said allegation constitute conclusions of law and respectfully refer the Court to the report and case quoted in Paragraph 106 for the exact content and context thereof.

107. Neither admit nor deny the allegations contained in Paragraph 107 of the Complaint insofar as said allegations constitute conclusions of law and respectfully refer the Court to the report cited in Paragraph 107 for the exact content and context thereof.

108. Deny the allegations contained in Paragraph 108 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 108 to the extent that said allegations constitute conclusions of law.

109. Deny the allegations contained in Paragraph 109 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 109 to the extent that said allegations constitute conclusions of law.

110. Deny the allegations contained in Paragraph 110 of the Complaint.

111. Deny the allegations contained in Paragraph 111 of the Complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and respectfully refer the Court to the interview quoted in Paragraph 112 for the exact content and context thereof.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and respectfully refer the Court to the case quoted in Paragraph 113 for the exact content and context thereof.

114. Deny the allegations contained in Paragraph 114 of the Complaint.

115. Deny the allegations contained in Paragraph 115 of the Complaint.

116. Repeat and reallege the responses to Paragraphs 1 through 115 of the Complaint as set forth above.

117. Deny the allegations contained in Paragraph 117 of the Complaint.

118. Deny the allegations contained in Paragraph 118 of the Complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119, except deny that Plaintiffs are entitled to the relief described therein.

120. Repeat and reallege the responses to Paragraphs 1 through 110, 112, and 113 as set forth above.

121. Deny the allegations contained in Paragraph 121 of the Complaint.

122. Deny the allegations contained in Paragraph 122 of the Complaint.

123. Deny the allegations contained in Paragraph 123 of the Complaint, and deny that Plaintiffs are entitled to the relief described therein.

## SECOND DEFENSE

The Complaint fails to state a claim against the Fidelity Defendants upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**FOURTH DEFENSE**

The Fidelity Defendants did not engage in any conduct which would constitute a breach of fiduciary duty.

**FIFTH DEFENSE**

The claims of Plaintiffs are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

**SIXTH DEFENSE**

Plaintiffs have not suffered any losses or damages from their investments in the Funds.

**SEVENTH DEFENSE**

Any injury sustained by Plaintiffs was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Complaint.

**EIGHTH DEFENSE**

Plaintiffs were fully informed of all material facts concerning investing in the Funds, including the level and calculation of the Fund advisers' compensation, and knowingly entered into the investment.

**NINTH DEFENSE**

At the time Plaintiffs first became shareholders of the Funds, they were or should have been aware that an Advisory Fee Schedule equal to or greater than that now in effect had been approved by a majority of the Board of Trustees of the Funds. On this basis, Plaintiffs are precluded from maintaining this action on behalf of the Funds.

## TENTH DEFENSE

The Fidelity Defendants acted at all times and in all respects in good faith and with due care.

## ELEVENTH DEFENSE

The Independent Trustees of the Funds exercised good faith business judgment in approving the advisory agreements in effect at the time Plaintiffs became shareholders and in subsequently approving renewals of the advisory agreements containing the advisory fee schedule currently in effect.

## TWELFTH DEFENSE

To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Fidelity Defendants' rights to procedural and substantive due process.

## THIRTEENTH DEFENSE

Some or all of the Plaintiffs lack standing to bring the claims asserted in the Complaint.

## FOURTEENTH DEFENSE

The Fidelity Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to further assert such defenses.

* * *

Dated: October 7, 2004

Respectfully submitted,

GOODWIN PROCTER LLP

*Of Counsel:*

By: /s/ James S. Dittmar, P.C.
    James S. Dittmar, P.C. (BBO# 126320)

CLIFFORD CHANCE US LLP
  James N. Benedict
  Mark Holland
  Mary K. Dulka
  C. Neil Gray
31 West 52nd Street
New York, NY 10019
(212) 878-8000

    Christopher D. Moore (BBO# 630651)
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1319

*Attorneys for Defendants Fidelity Management & Research Company and FMR Co., Inc.*

LIBA/1420721.1