**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al.,<br><br>　　　　　　Defendants. | No. 04-cv-11600-NG |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al.,<br><br>　　　　　　Defendants. | No. 04-cv-11642-NG |
| CYNTHIA A. BENNETT and GUY E. MILLER,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al.,<br><br>　　　　　　Defendants. | No. 04-cv-11651-MLW |

[Caption continues on next page]

| | |
|---|---|
| GHASSAN J. AWALI et al. Individually And On Behalf Of All Others Similarly Situated, <br><br>                                 Plaintiff,<br><br>    v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al.,<br><br>                                 Defendants. | No. 04-cv-11709-MLW |
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated,<br><br>                                 Plaintiff,<br><br>    v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al.,<br><br>                                 Defendants. | No. 04-cv-11735-GAO |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of FIDELITY MAGELLAN and FIDELITY CONTRAFUND,<br><br>                                 Plaintiffs,<br><br>    v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>                                 Defendants. | No. 04-cv-11756-MLW |

[Caption continues on next page]

| | |
|---|---|
| DAVID O. FALLERT, Individually And On Behalf Of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al., )<br>)<br>Defendants. )<br>)<br>) | No. 04-cv-11812-MLW |

**THE *HAUGEN* PLAINTIFFS' OPPOSITION TO THE *GILLIAM* PLAINTIFFS' MOTION TO STRIKE THE *HAUGEN* PLAINITFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND [PROPOSED] SUR-REPLY IN OPPOSITION TO MOTIONS FOR CONSOLIDATION AND APPOINTMENT OF TRI-LEAD AND LIAISON COUNSEL**

The *Haugen* Plaintiffs respectfully submit this opposition the Motion to Strike the *Haugen* Plaintiffs' Motion for Leave to File Sur-reply and the *Haugen* Plaintiffs' [Proposed] Sur-reply in Opposition to Motions for Consolidation and Appointment of Tri-Lead and Liaison Counsel (hereinafter "Motion to Strike") filed by the plaintiffs in *Gilliam* (04-cv-11600-NG), *Bogatin Family Trust* (04-cv-11642-NG), *Awali* (04-cv-11709-MLW), *Groeschel* (04-cv-11735-GAO) and *Fallert* (04-cv-11812-MLW) (respectively, the "Class Actions" and the "Class Action Plaintiffs").

The *Haugen* Plaintiffs' Motion for Leave to File Sur-Reply with attached [Proposed] Sur-reply in Opposition to Motion for Consolidation and Appointment of Tri-Lead and Liaison Counsel (hereinafter "Proposed Sur-reply"), were properly filed pursuant to Local Rule 7.1. Nowhere in their Motion to Strike do the Class Action Plaintiffs contend to the contrary. Rather, the Class Action Plaintiffs argue that their Motions for Consolidation and for Appointment of Tri-lead and Liaison Counsel have been "fully briefed" and therefore, the *Haugen* Plaintiffs' Motion for Leave to File Sur-reply and Proposed Sur-reply should be stricken.

3

In their Opposition to the Class Action Plaintiffs' Motions for Consolidation and Appointment of Tri-lead and Liaison Counsel, the *Haugen* Plaintiffs explained the differences between their lawsuit and the Class Actions that make consolidation improper under Fed. R. Civ. P. 42(a).  A sur-reply was necessary, however, in order for the *Haugen* Plaintiffs address the new arguments made by the Class Action Plaintiffs in their Memorandum in Further Support of their Motion for Appointment of Tri-lead Counsel and Liaison Counsel and Motion for Consolidation (hereinafter "Reply"), that were not made in their opening brief.  In their Proposed Sur-reply, to which the Class Action Plaintiffs have provided no persuasive objection, the *Haugen* Plaintiffs simply addressed and refuted arguments first made by the Class Action Plaintiffs in their Reply.

In their Reply, Class Action Counsel unfairly and inappropriately criticized the motives of the *Haugen* Plaintiffs and their counsel for seeking recovery only on behalf of the two largest Fidelity mutual funds rather than employing their indiscriminate scattershot approach of bringing myriad class and derivative claims asserting largely unrelated legal theories on behalf of the millions of investors holding a total of 208 Fidelity mutual funds.  Class Action Counsel assert that the *Haugen* Plaintiffs limited their case to the two largest Fidelity mutual funds "for the sole purpose of getting a lead position for their counsel at the expense of the vast majority of Fidelity funds who would be left with no representation under *Haugen/Bennett's* restrictive legal theories."  Reply, p. 3 (emphasis in original).  However, as demonstrated in the Proposed Sur-reply, this criticism is belied by the facts and, thus, required a pointed response:

- First, the two Fidelity mutual funds at issue in the *Haugen* Action -- Fidelity Magellan Fund and Fidelity Contrafund -- were not chosen by happenstance but because, as the largest of Fidelity's mutual funds, Magellan and Contrafund are the most egregious examples of Fidelity's failure to pass on economies of scale to their shareholders in the form of reduced advisory fees.  The much smaller Fidelity funds at issue in the Class Actions do not exhibit these characteristics.  As demonstrated the Proposed Sur-reply, there is a considerable factual antagonism between claims asserted by the *Haugen* Plaintiffs under Section 36(b) of the Investment Company Act ("ICA"), 15 U.S.C. §80a-35 on behalf of the

gargantuan Magellan Fund and Contrafund and the Section 36(b) claims asserted in the Class Actions on behalf of hundreds of smaller Fidelity funds, that renders consolidation inappropriate. *See* Proposed Sur-reply, at pp. 4-5, 7-13.

- Second, the decision by the *Haugen* Plaintiffs' counsel to bring Section 36(b) claims only on behalf of Fidelity Magellan Fund and Fidelity Contrafund could not have been motivated by a desire to get a leadership position (Reply, p. 3) because the *Haugen* Plaintiffs filed suit months before the first of the Class Actions was filed. *See* Proposed Sur-reply, at p. 5.

- Third, to the extent that there is any overlap between the Class Action Complaints and the *Haugen* Complaint (Reply, pp. 6-7) it is because the Class Action Plaintiffs and Class Action Counsel copied -- in some instances *verbatim* -- the allegations from the *Haugen* Complaint. *See* Proposed Sur-reply, at pp. 5-6.

- Finally, denial of the Class Action Plaintiffs' motions for consolidation and appointment of lead counsel will not leave "the vast majority of the Fidelity Funds without recourse" as the Class Action Plaintiffs suggest. Reply, pp. 13-14. The *Haugen* Plaintiffs do not seek to preclude the Class Action Plaintiffs from pursuing their various legal theories with respect to the Fidelity funds not owned by the *Haugen* Plaintiffs. They simply do not want their focused, stream-lined claims to be bogged down in the Class Action Plaintiffs' massive litigation of extraneous matters that will no doubt lead to delays in the resolution of the *Haugen* Action. *See* Proposed Sur-reply, at pp. 6-7, 14-16.

## CONCLUSION

The Class Action Plaintiffs' Motion to Strike should be denied, and so should their Motions for Consolidation and for Appointment of Tri-Lead and Liaison Counsel, to the extent that it would encompass the *Haugen* Action. The *Haugen* Action should be prosecuted, by the undersigned counsel, separately from the Class Actions pending before this Court.

Dated: January 4, 2005　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SHAPIRO HABER & URMY LLP

　　　　　　　　　　　　　　　　　　　　By: __/s/ Michelle H. Blauner_____
　　　　　　　　　　　　　　　　　　　　　　Edward F. Haber, BBO # 215620
　　　　　　　　　　　　　　　　　　　　　　Michelle H. Blauner, BBO # 549049
　　　　　　　　　　　　　　　　　　　　　　53 State Street
　　　　　　　　　　　　　　　　　　　　　　Boston, MA  02109
　　　　　　　　　　　　　　　　　　　　　　(617) 439-3939

Lynn Lincoln Sarko (*pro hac vice*)
Michael D. Woerner (*pro hac vice*)
Gretchen F. Cappio (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Ste. 3200
Seattle, WA  98101-3052
(206) 623-1900

Gary Gotto
Ron Kilgard
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Ste. 900
Phoenix, AZ  85012
(602) 248-0088

Michael J. Brickman (*pro hac vice*)
James C. Bradley (*pro hac vice*)
Nina H. Fields (*pro hac vice*)
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
174 East Bay Street
Charleston, SC  29401
(842) 727-6500

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL & BURNS, L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL  33602
(813) 225-2500

Counsel for the Haugen Plaintiffs