1

1    UNITED STATES DISTRICT COURT
     DISTRICT OF MASSACHUSETTS

2

3    * * * * * * * * * * * * * * * * * * * *
     *ERIC FORSYTHE, Individually and On         *
4     Behalf of All Others Similarly Situated,*
              Plaintiffs                        * CIVIL ACTION
5                vs.                             * Nos. 04-10584-GAO
                                                *      04-10764
6    *SUN LIFE FINANCIAL, INCORPORATED, et al.* *      04-11019
              Defendant                         *      04-11458
7    * * * * * * * * * * * * * * * * * * * *  ·

8

9            BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.,
                  UNITED STATES DISTRICT JUDGE
10                     MOTIONS HEARING
                      October 20, 2004

11

12

13

14

15

16

17

18

19

20                              Courtroom No. 9
                                1 Courthouse Way
21                              Boston, Massachusetts 02109

22

23                        JAMES P. GIBBONS, RPR/RMR
                            Official Court Reporter
24                        1 Courthouse Way, Suite 7205
                          Boston, Massachusetts  02210
                                (617) 428-0402

25

2

1    APPEARANCES:

2

3        MILBERG, WEISS, BERSHAD & SCHULMAN, LLP, (By Janine
     L. Pollack, Esq.), One Pennsylvania Plaza, New York, New
     York  10119, on behalf of Plaintiffs

4

5        MOULTON & GANS, P.C., (By Nancy Freeman Gans,
     Esq.), 33 Broad Street, Suite 1100, Boston,
     Massachusetts 02109, on behalf of Plaintiffs

6

7        WEISS & YOURMAN, (By Richard A. Acocelli, Esq.),
     551 Fifth Avenue, New York, New York 10176, on behalf of
     Plaintiffs

8

9        BERNSTEIN, LITOWITZ, BERGER & GROSSMAN, LLP, (By J.
     Erik Sandstedt, Esq.), 1285 Avenue of the Americas, New
     York, New York 10119, on behalf of City of Chicago
10   Deferred Compensation Plan

11

12       SHAPIRO HABER & URMY, LLP, (By Michelle H. Blauner,
     Esq., and Edward F. Haber, Esq.), 53 State Street, 37th
     Floor, Boston, Massachusetts 02109, on behalf of Marcus
13   Dumond, et al

14       KELLER ROHRBACK, LLP, (By Michael D. Woerner,
     Esq.), 1201 Third Avenue, Suite 3200, Seattle,
15   Washington 98101-3052, on behalf of Marcus Dumond, et al

16       WILMER CUTLER PICKERING HALE AND DORR, LLP, (By
     William H. Paine, Esq., Jonathan A. Shapiro, Esq., and
17   Matthew A. Stowe, Esq.), 60 State Street, Boston,
     Massachusetts 02109, on behalf of Sun Life Financial, et
18   al.

19       ROPES & GRAY, LLP, (By Jane E. Willis, Esq.), One
     International Place, Boston, Massachusetts 02110, on
20   behalf of J. Atwood Ives, et al

21       NIXON PEABODY, LLP, (By George J. Skelly, Esq.),
     100 Summer Street, Boston, Massachusetts  02110, on
22   behalf of Kevin J. Parke

23

24

25

```
 1                        P R O C E E D I N G S

 2               THE CLERK:  Court is in session.  Please be

 3      seated.

 4               Forsythe versus Sun Financial, Civil Action

 5      No. 04-10584, and related matters:  Civil Action No.

 6      04-10764, 04-11019, and 04-11458.

 7               THE COURT:  Well, we have a series of motions,

 8      as I think you all know, about whether to consolidate and

 9      whether and whom to appoint as lead counsel.

10               I think maybe the way to deal with it is to hear

11      from the Forsythe plaintiffs in support of consolidation and

12      approval of new counsel.  Then I will hear the opposition

13      from the Dumond action, and then any defendants who want to

14      add their perspective.

15               I have read the papers.  So I have some idea,

16      although, to be perfectly candid, I am not sure I understood

17      all the arguments as well as I would like to from the

18      papers.  But, anyway, why don't we start with the Forsythe

19      plaintiffs.

20               MS. POLLACK:  Good afternoon, your Honor.  My

21      name is Janine Pollack, and I'm from the law firm of

22      Milberg, Weiss in New York City; and we represent the

23      Forsythe plaintiff group, which consists of the Forsythe

24      plaintiffs, the Eddings plaintiffs and the Koslow

25      plaintiffs.  We also seek to add an additional plaintiff,
```

19

1          **MS. POLLACK:**  The provision that is cited by

2    the Dumond plaintiffs, which is on the prior page from

3    Tab 6, which is Section D, is nothing more than an

4    allocation provision which basically says if you have assets

5    in a Fund One, you cannot offset Fund Two's liability with

6    Fund One's assets.  It's really strictly an allocation

7    provision, and it says that the trustees have discretion to

8    allocate.  So it does not support the argument of the Dumond

9    plaintiffs that we are still suing the funds.  I think

10   they've just misread the provision.

11          I will not take the Court through the second form

12   N-1-A except to say that it's essentially the same exact

13   thing as the other one in the sense that it makes it clear

14   that in this particular instance there's a trust and there

15   are series or funds within that trust, but it is really no

16   different than the other ones.  Really it's all the same

17   thing.  We're suing the trusts not the funds.

18          And I think if the Court wishes to have me go

19   through the tabs, it's really the same exact situation and

20   has the same language in that Paragraph 6.9 as the first one

21   that I showed the Court.

22          In terms of the standing issue, since the conflict

23   issue really doesn't exist, the standing issue is something

24   that really does not need to be addressed at this point.  It

25   really does not have anything to do with consolidation.

MOULTON & GANS,P.C.    Fax:6173697980        Jan 19 2005  12:58      P.21
Case 1:04-cv-11756-MLW    Document 60-2    Filed 01/21/2005    Page 5 of 9

20

1        As I said before, there is individual standing here

2    for at least some of the funds, that is clear.  No one is

3    objecting to that.  Nobody is arguing with that.

4        How many of the funds can actually be involved in

5    the derivative action; in other words, on how many funds'

6    behalf can it be brought, is a question for another day.

7        Essentially, amended complaint will be filed, and

8    it will be up to the defense to raise that issue in either a

9    motion to dismiss or class cert. proceeding.  And I think

10    the defense, when they get up and speak, they will agee with

11    that, since they have put that in their papers as well.

12        So the standing issue, while it's certainly an

13    interesting issue, it really does not affect what your Honor

14    has to do here today.

15        Nonetheless, if it were an issue, which we don't

16    believe it is, we believe the juridical link doctrine allows

17    us to bring claims on -- derivative claims on behalf of all

18    of the 112 funds; and, in that sense, the Forsythe

19    plaintiffs seek to maximize the recovery against the maximum

20    number of wrongdoers for the maximum number of shareholders

21    past and present.  And that makes much more sense than

22    having piecemeal litigation and carve outs for people, such

23    as Dumond plaintiffs, who only seek to represent a handful

24    of the funds.

25        For example, the Dumond plaintiffs don't really say

21

1    what would happen to the other 100-or-so funds on whose

2    behalf they claim they cannot bring a derivative suit.  They

3    seem to just leave them hanging.

4            In addition, the Forsythe plaintiffs have brought

5    claims under the Investment Advisors Act, Section 215, and

6    they, the Dumond plaintiffs, don't explain what would happen

7    to those claims either if they were the only ones allowed to

8    bring derivative claims.

9            So, essentially, the standing issue -- it doesn't

10    need to be resolved today.  It's really something that is

11    for another day and has nothing to do with consolidation and

12    does not support the consolidation opposition.

13            Their final argument is that there are different

14    claims in the Forsythe action versus the Dumond action, and

15    that also is not true.

16            Both cases essentially allege excessive fees, and

17    that has different ways to be alleged.

18            Essentially, the claim is that the excessive fees

19    are being taken from the shareholders and the funds and

20    essentially finding their way as profits to the investment

21    adviser.  The investment adviser and its affiliates, or --

22    the investment adviser is the primary defendant in both set

23    of plaintiffs' cases.  Section 36(b) is alleged in both

24    cases, and, essentially, it's the same concept.

25            Now, the Dumond plaintiffs say that they don't

22

1      allege directed brokerage payments, but that's not true

2      either, because in Paragraph 45 of their complaint it says

3      very clearly that they're alleging that there was directed

4      brokerage payment going on.

5              So, in effect, they're the same cases, and that's

6      why consolidation is so appropriate here, and there should

7      not be a carve out for just 11 funds for the Dumond

8      plaintiffs to pursue on their own.  It would be inefficient

9      and, as the defendants have pointed out, it would cause

10     multiple sets of briefings, multiple complaints, and it

11     would really be a proliferation of paper for absolutely no

12     reason when they're all the same claims, in effect.

13             There is -- in other words, there is a lot of

14     arguments why it would be the most efficient to consolidate

15     the cases, and there is not a single argument against

16     consolidation.

17             There is a final point that I'd like to address,

18     which is the suggestion that there was some sort of

19     conspiracy theory, some sort of conspiracy by the

20     market-timing counsel and the counsel in these excessive

21     fees cases to remove the defendants -- remove the funds as

22     defendants in order to resolve the conflict pointed out by

23     the Dumond plaintiffs.  That just is not the case.

24             The defendant -- the funds were removed as

25     defendants in the timing cases because legally and

34

1          So I would submit that their proposal that these

2     cases be consolidated and there be just one lawyer that they

3     have to deal with, really is impractical and doesn't --

4     isn't really necessary.  These cases can be coordinated to

5     the extent necessary so that there isn't any duplicative

6     discovery, but there is no reason to consolidate these cases

7     and to require one complaint be filed in these cases.  We

8     can work together to try to work as best we can to

9     coordinate discovery issues, and if there are any issues at

10    a later date on those issues, we certainly could come back

11    to the Court to address those questions.

12          But ultimately the question is whether the lawyers

13    for the Forsythe plaintiffs can represent these 36(b)

14    claims, and I submit that they cannot; and, in that context,

15    there is going to have to be separate lawyers to represent

16    those claims.  We're the only unconflicted lawyers who are

17    before this Court, and we're ready, willing and able to

18    pursue those claims as zealously as we can.

19          Thank you.

20          **MR. PAINE:**  Bill Paine, your Honor.

21          I just -- I don't want to address the conflict

22    issue.  Although, I guess I would follow with the notion

23    that the reason I don't want to is there is something in it

24    for me if someone with a conflict is my opponent.  I just

25    don't think it makes a difference from the point of view of

35

1   consolidation.

2           The first issue I would like to talk about is

3   whether or not these are the same case or a different case.

4           Both of them are bringing 36(b) claims.  They're

5   each bringing them on behalf of four exactly the same funds,

6   and then each of them have some additional funds on whose

7   behalf they want to bring claims as well.

8           So you've got a core 36(b) claim that's the same,

9   and it's the same for both sets of plaintiffs.

10           With respect to the additional plaintiffs that they

11   want to represent, it's basically the same.  I mean, you

12   know, it's going to be the same theory.  It's going to be

13   the same discovery.  It's just a question of how many of the

14   various funds they're allowed to bring it on behalf.

15           So at its core you're hearing from the Dumond

16   people that this is a 36(b) claim as its core, and at that

17   core is exactly the same claim, and that's why we think that

18   this thing --

19           THE COURT:  You mean factually?

20           MR. PAINE:  Factually, legally, it's the same.

21   It's the same party, same theory, same relief.

22           THE COURT:  Well, I don't know if there's

23   agreement that it is the same factual basis.  Although, I am

24   not sure how significant that is.

25           MR. PAINE:  Well, one complaint, I guess, or